[L. A. No. 1701.   Department Two.—September 17, 1906.]

## HENRY C. NORRIS, Respondent, v. ANDREW HAY, LIZZIE T. HAY et al., Appellants.

VENDOR AND PURCHASER — CONTRACT OF SALE — RESCISSION BY PURCHASER—FRAUDULENT REPRESENTATIONS AS TO PRIOR CONTRACT—SUPPORT OF JUDGMENT.—In an action by a purchaser of land who had made part payment under a contract of sale thereof, to rescind the contract and recover the purchase money paid, for fraudulent representations made by the vendors that no prior written contract of sale had been made by them with a third person, findings made by the court upon sufficient evidence that such fraud had been committed, and that such prior written contract was made and was subsisting when the action for rescission was begun, support a judgment for the plaintiff.

ID.—TIME NOT MADE OF ESSENCE IN PRIOR CONTRACT—DELAY OF PURCHASER—RIGHTS NOT TERMINATED.—Where there was no provision in the prior contract for forfeiture of the purchaser's rights, or making time of the essence of the contract, a mere delay of two months in making final payment when the subsequent contract was made with the plaintiff, without any termination of the prior contract, could not preclude the prior purchaser from tendering full payment to the vendors, and enforcing specific performance of the contract.

ID.—PRIOR CONTRACT AFFIRMED—DEPOSIT WITH COMMON AGENT—ACTION BY VENDORS—CONDUCT OF PARTIES.—Though the vendors might have terminated the prior contract, after notice to a common agent with whom the contract and a deposit of part of the purchase money had been made, after continued default of the purchaser in final payment, not to accept further payment; yet where they did not see fit to do so, or to sue for damages for the breach,

but demanded payment of the deposit, and sued to recover it, they thereby asserted rights under the contract; and where the purchaser always asserted his right thereunder, and notified the plaintiff that he must obtain title through him, and was endeavoring to obtain the money for final payment when plaintiff brought his suit to rescind the second contract, the finding that the prior contract was then subsisting is sufficiently supported.

ID.—PRIOR CONTRACT UNRECORDED—RELIANCE UPON REPRESENTATIONS.— The prior contract not having been recorded, plaintiff, when making his subsequent contract, was not bound to inquire in regard to it, but had a right to rely upon the representations of his vendors that no contract of any kind affecting the title had been made with any person.

ID.— RIGHTS OF PURCHASERS — DOUBTFUL TITLE — RESCISSION.— The plaintiff as a second purchaser was not required to litigate under parol evidence the doubtful question whether the prior contract was or was not valid; but he was entitled upon the discovery of the existence of the prior contract, which he had been assured did not exist, to sue for the rescission of his subsequent contract.

ID.—EVIDENCE—SUBSEQUENT JUDGMENT-ROLL.—The right of the plaintiff to rescission was fixed at the time of the commencement of his action; and a subsequent judgment-roll in the action by defendants to recover the deposit, in which the prior purchaser interpleaded, was not admissible in evidence against the plaintiff, who was not a party thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellants.

Robert E. Ross, and Hunsaker & Britt, for Respondent.

LORIGAN, J.—This action was brought to rescind a contract for the sale and purchase of land in Los Angeles County, and to recover certain amounts of money paid by plaintiff to defendants under the contract, and for other relief, on the ground that at the time said contract was made and as an inducement to its execution the defendants Hays made false and fraudulent representations to plaintiff with regard to the condition of the title to the land agreed to be purchased. Plaintiff had judgment, and defendants appeal from an order denying a motion for a new trial.

The court found that plaintiff and other persons associated themselves together in a joint venture to purchase a tract of land from the defendants Andrew Hay and his wife, Lizzie T. Hay. That about December 22, 1902, an agreement was entered into between Norris, representing the syndicate, and the Hays, whereby Norris was to purchase the said land for the sum of one hundred and four thousand dollars, the contract providing for certain payments to be made in cash and the balance of the purchase price to be secured by mortgage upon the property purchased; that at the time said contract was entered into the Hays, for the purpose of inducing plaintiff and his associates to contract for the purchase of the land on the terms agreed upon, represented to plaintiff that they had not entered into any contract or obligation whatever for the sale of said land to any person, and repeatedly stated to plaintiff and his associates that they particularly never had any transaction with one West affecting the title to said land; that not a "scratch of a pen" had been made between themselves and West concerning the title to the property or with reference to any agreement to convey the same; that believing such representations and statements to be true, and in reliance thereon and induced thereby, plaintiff made the contract of purchase with them above referred to; that plaintiff paid to defendants, as the contract required, fifteen thousand dollars in coin and executed promissory notes to the defendant Lizzie T. Hay for thirty-seven thousand dollars, secured by mortgage; that plaintiff would not have executed said contract nor made such payments or delivered said notes and mortgage, save that he believed the statements and representations of said Hays to be true; that after such payment and delivery of said notes, and before final payment, plaintiff and his associates for the first time discovered that said representation made by the Hays, that they had entered into no prior contract whatever affecting the title to said land, was false and untrue, the lower court finding in that regard, that on September 4, 1902, several months prior to the contract with plaintiff, the Hays had entered into a contract with one W. F. West for the sale of said land to him for eighty thousand dollars, upon which he had deposited ten thousand dollars with the Title Insurance and Trust Company of Los Angeles, the common agent of all parties to

the contract; that plaintiff and his associates when such representations were made were ignorant of the existence of the contract between the Hays and West; that such contract between the Hays and West continued to be in force and effect from its date till the commencement of this action by plaintiff, and had not been abrogated by the parties thereto.

The court on these findings entered judgment rescinding and setting aside the contract between plaintiff and the Hays and awarded other relief prayed for, which, as no attack is made on the judgment, it is unnecessary to state.

The principal point made upon this appeal is that the evidence was insufficient to sustain the finding that at the time the Hays entered into the contract with plaintiff their agreement with West as to the same land was in force and effect, and the further finding that their representations to the plaintiff that no such contract existed were false and untrue.

There can be no question but what the evidence abundantly shows that the Hays emphatically represented to plaintiff and his associates when negotiating for the sale to them of this land that they had not made any prior contract affecting the title to it with West or any other person, and we are satisfied that it appears satisfactorily from the evidence that when the contract for the sale of this land with Norris was entered into, the West contract, which it is not questioned but that the Hays had executed, was a valid and subsisting contract.

The claim of appellants (while admitting the execution of the contract with West) is that the evidence shows that long prior to the subsequent contract with Norris the Hays and West had abandoned and abrogated their contract. We think, however, that the contrary is apparent. There is nothing in the evidence to show any express abandonment or abrogation. The West contract called for a deposit of ten thousand dollars, which was made, the assumption of a thirteen thousand dollar mortgage by West, and payment by him, on or before October 25, 1902, of the balance of fifty-seven thousand dollars. There was no provision in the contract for forfeiture of rights under it for non-compliance with the condition of final payment nor any provision making time the essence of the contract. The final payment to be made by West was overdue less than two months when the contract with plaintiff was made. Up

to that time no successful effort had been made by the Hays or West to terminate the contract. Mere delay on the part of West did not forfeit his rights under it as the Hays had not taken any effective measure to terminate them. (*North Stockton etc. Co.* v. *Fischer,* 138 Cal. 101, [70 Pac. 1082, 71 Pac. 438].) As far as the record discloses, there was no action taken by either of these parties which, when the contract with Norris was made, or subsequent thereto, precluded West from tendering full payment on his part under his contract, notwithstanding final payment had been delayed, or from enforcing specific performance under its provisions.

Aside from this, however, the evidence shows that West was always insisting that he had subsisting rights under the contract, and subsequent to October 25th, and up to the time this present suit was commenced, was actively endeavoring to obtain the money with which to make final payment, and was insisting that he had a right to do so. He was making such endeavor and asserting that the contract was a subsisting one up to and after the payment by plaintiff of the fifteen thousand dollars to the Hays. In fact, it was he who first brought notices of the existence of his contract to plaintiff and his associates. He sent a party to open negotiations with them for the purchase from him of his rights under it, declaring that they could not get a title except through him; that the Hays could not deliver the property to plaintiff and his associates unless they would see him and get the title through him.

Taking, then, these facts into consideration—that the contract between the Hays and West in itself provided for no forfeiture; that time was not made the essence of the contract; that mere lapse of time of itself did not terminate West's rights; that no agreement had been entered into by the parties rescinding, abandoning, or abrogating it; that West was at all times endeavoring to perform its conditions and claiming rights under it, even as against plaintiff—and we think the court was right in finding that when the Norris contract was entered into the West contract was in full force and effect, and that the representations to the contrary embraced in the statements of the Hays, that they entered into no contract whatever with West or any other person, were fraudulent and untrue.

It is true that there was evidence of some conduct on the part of both the Hays and West relative to the contract between them from which it is claimed a rescission or abandonment of it followed. But we do not think any such result was effected. The contract between them was in the hands of the Title Insurance and Trust Company as the common agent, to whom West had paid the ten thousand dollars. After default by West in the final payment to be made October 25, 1902, the Hays had granted him further time, and then notified the Title Insurance and Trust Company not to accept any further payment if West tendered it, and demanded from the company payment to themselves of the ten thousand dollars deposited by West, but which, however, West notified the Trust Company not to pay.

Upon such notice by West the Hays might have acted and terminated the contract, but they did not see fit to do so. They commenced a suit (which was not at issue when the present action was brought) against the Trust Company to recover the ten thousand dollars deposited by West as money held by it for them under the contract. In so doing they were standing upon the contract as still in force, and claiming the money by virtue of its terms. If the contract had been rescinded or abandoned by the parties, the Hays would not have been entitled to maintain an action for this ten thousand dollars under the contract, but only to recover such damages as might have resulted to them from West's breach of it, and, less such damages, West would have been entitled to the ten thousand dollars. (*Shively* v. *Semi-Tropic L. and W. Co.,* 99 Cal. 259, 260, [33 Pac. 848].) So that as the Hays by their suit were asserting rights under the contract as still in force, and West was claiming under the contract and endeavoring to dispose of the land of the plaintiff and his associates, asserting that title to it could only come through him, these facts, instead of supporting the theory of the Hays that the contract was abandoned, would tend to support the finding of the court that it was not.

And while we are satisfied that the evidence shows that at all the times in question the West contract was unrescinded and in force, it is to be remarked that the contract between the Hays and West was not recorded, and that plaintiff had no knowledge of its terms, nor of the transactions between the

Hays and West above referred to, nor of the commencement of the action against the Title Insurance and Trust Company. Plaintiff was not required to make inquiry as to any of these matters. He had a right to rely absolutely upon the representations of the Hays that no contract of any kind affecting the title had been made, either with West or any other person. And giving the facts immediately referred to, upon which the Hays rely to show an abandonment of the contract, their greatest force, they simply tend to render the matter of abandonment uncertain, and it is hardly necessary to say that, after having expressly represented that no contract whatever existed relative to the title to these lands with West or any other person, the Hays will not be permitted to avoid their false representations in that respect by claiming that, although a prior contract was made with West, still, by reason of certain facts and circumstances unknown to plaintiff and resting exclusively *in pais*, it might be inferred that the contract was abandoned. As we say, these facts at best simply render the matter of abandonment equivocal. Under this situation Norris was not required to determine at his peril whether the claim of West under his contract was valid or not. There was at least a reasonable doubt whether it had been abandoned or rescinded, and Norris was not required in this condition of doubt to complete his payment and subsequently litigate with West the validity of his prior contract, but was entitled upon discovery of the existence of the West contract to institute a suit for the rescission of his subsequent contract with the Hays. This is but the application of the general rule that a vendee is entitled to rescind where it is apparent that there is a reasonable doubt as to the validity of the title to the land which the vendor contracts to convey to him. Under his contract West acquired an equitable interest in the land. When the Hays contracted with Norris it was for a good title, but at that very time, and even up to the time this action was commenced, it was at least reasonably doubtful whether the prior contract with West was or was not subsisting. Under such circumstances Norris was not required to proceed with his purchase and take title the validity of which as against the asserted claim of West might involve him in litigation, and the sufficiency of which it would require parol evidence to sustain. (*Sheehy* v. *Miles*, 93 Cal. 288, [28

Pac. 1046] ; *Gwin* v. *Calegaris,* 139 Cal. 384, [73 Pac. 851].)

It is claimed by appellant that the court erred in its rulings as to the exclusion and admission of evidence. We do not think any of the rulings, if erroneous, were of such materiality as to require a reversal.

. It was not error to refuse to admit in evidence the judgment-roll offered by appellants in the case of Hay *v.* Title Insurance and Trust Company, above referred to. That action was brought to recover the ten thousand dollars deposited by West. The complaint was filed November 25, 1902. The Title Insurance and Trust Company subsequently paid the money into the court, and West was by order of interpleader substituted as defendant in the action. He did not answer until January 26, 1903, three weeks after the complaint in the present action was filed,—January 5, 1903. As the right of plaintiff to recover was fixed at least as early as the filing of this complaint, no proceedings in the case of Hay *v.* Title Insurance and Trust Company could affect those rights. The court admitted the complaint in that case in evidence. Conceding that this was proper, nothing further in the judgment-roll was admissible. Norris was not a party to that action, and was not bound by anything appearing in the pleadings, or by any matters adjudicated, and the excluded portion of the judgment-roll applied to matters occurring subsequent to the commencement of the action by plaintiff.

The judgment and order appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.