[S. F. No. 6476. Department Two—April 29, 1915.]

## S. G. SPARKS, Respondent, v. M. V. MAUK et al., Defendants; M. V. MAUK, Appellant.

CONTRACT CONTEMPLATING SIGNING BY BOTH PARTIES—PART PERFORMANCE BY BOTH PARTIES—CONTRACT NOT SIGNED BY PLAINTIFF—ESTOPPEL OF DEFENDANT.—In an action to enforce a written contract which contemplated the execution of it by a signing by both parties, a defendant who signed the contract is estopped to set up as a defense that the plaintiff did not sign, where there has been a part performance of the contract and an accession to its terms by both parties.

APPEAL from a judgment of the Superior Court of Santa Clara County. John E. Richards, Judge.

The facts are stated in the opinion of the court.

Louis O'Neal, and William F. James, for Appellant.

H. C. Jones, for Respondent.

HENSHAW, J.—Plaintiff, who had been the owner of a fuel and feed business in the town of Santa Clara, sold that business to F. P. Mauk and son. Mauk and son, in turn, sold it to Mrs. M. V. Mauk. Plaintiff held the note of defendant F. P. Mauk and F. V. Foster for the sum of one thousand dollars, and began suit upon this note, attaching the business of appellant. Negotiations followed this suit and the parties entered into an agreement, by the terms of which plaintiff was to repurchase the business, paying therefor one thousand and eighty-five dollars, and the value of the stock on hand. The note in suit was to be received as payment upon this one thousand and eighty-five dollars to the extent of $1027.50. M. V. Mauk and F. P. Mauk both agreed to refrain from engaging in like business for the period of five years. The plaintiff tendered the note and the small sum of money sufficient to make the one thousand and eighty-five dollars. He dismissed the attachment and would have dismissed the suit, saving that it was allowed to linger at the instance of Mauk while the matter of the costs of the suit were being adjusted with Foster, comaker of the note with Mauk.

Plaintiff took possession of and conducted the business, had a valuation put upon the stock on hand—grain, fuel, etc., and tendered this amount, which was rejected. He then began this action to enforce the contract and was awarded a temporary injunction. From this judgment M. V. Mauk appeals.

It is asserted that there is a variance between the allegations and the proofs. The variance is immaterial, in no way affecting any of the substantial matters in controversy, and is susceptible of correction by an amendment to the complaint.

It is next asserted that the contract contemplated a signing by both parties; that plaintiff did not sign; that the contract is not complete and therefore unenforceable. It is the undoubted rule that where the contract contemplates the execution of it by signing either party has the right to insist upon the condition, and mere acts of performance upon the part of one who has not signed will not validate the contract. (*Tewskbury* v. *O'Connell,* 21 Cal. 60; *Spinney* v. *Downing,* 108 Cal. 666, [41 Pac. 797].) But in this case plaintiff had changed his condition by the abandonment of his action and by the dismissal of the attachment and by the surrender of the promissory note, and appellant had accepted these benefits. Plaintiff, moreover, had taken possession of the property and was conducting the business, and this case, therefore, is brought within the exception to the rule above mentioned. There is here shown not a mere voluntary compliance with the conditions of the contract by one who has not previously assented to it. There is distinctly shown part performance under it by both parties, and an accession to its terms by both parties. (*Spinney* v. *Downing,* 108 Cal. 670, [41 Pac. 797]; *Cavanaugh* v. *Casselman,* 88 Cal. 543, [26 Pac. 515]; *Lowber* v. *Connit,* 36 Wis. 183.) Such an accession to the terms of the contract and such a performance under it as is here shown would make it inequitable to permit appellant to avail herself of this defense, and she is estopped from doing so under familiar principles. (*Borel* v. *Rollins,* 30 Cal. 408; *White* v. *Stevenson,* 144 Cal. 104, [77 Pac. 828]; *Fidelity etc. Co.* v. *Fresno Flume Co.,* 161 Cal. 466, [37 L. R. A. (N. S.) 322, 119 Pac. 646].)

Appellant's apparent reason for refusing to proceed with the contract was that the amount tendered for the stock of grain, fuel, etc., on hand was not sufficient. Plaintiff produced evidence, however, establishing that the amount which

he tendered was not alone the full market value, but in excess of the market value of the stock.

The judgment appealed from is, therefore, affirmed.

Melvin, J., and Lorigan, J., concurred.