[Civ. No. 2021.   First Appellate District.—April 14, 1917.]

## K. KARAHADIAN, Respondent, v. PHILIP LOCKETT, Appellant.

VENDOR AND PURCHASER—CONTRACT FOR PURCHASE—FAVORABLE REPORT
OF ATTORNEYS—CONSTRUCTION.—A clause in a contract for the
purchase of real property calling for a favorable report from the
attorneys for the purchaser is not to be construed to mean that the
obligation of the purchaser was dependent upon a mere arbitrary,
capricious, and whimsical rejection of the title.

ID.—BROKER'S COMMISSIONS—SALE OF REAL ESTATE.—A broker em-
ployed to sell real estate is entitled to his commissions where the
purchaser procured by him enters into a valid and enforceable con-
tract to purchase, and the fact that the contract contains a clause
making the purchase conditional upon the approval of the title by

the purchaser's attorneys does not have the effect of making the contract merely an agreement for an option to purchase rather than a completed contract of purchase and sale.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, for Appellant.

John Shishmanian, Barbour & Cashin, and D. A. Cashin, for Respondent.

LENNON, P. J.—The plaintiff in this action was employed and authorized by the defendant "to sell" certain real property belonging to the defendant, and "to receive any deposit" which might be paid on account of the purchase price. Thereafter the plaintiff, as the agent of the defendant, entered into a written contract with parties known as "Kludgian brothers" to purchase the defendant's property for the sum of fourteen thousand dollars, but upon terms slightly different from those originally proposed and authorized by the defendant. The defendant, however, in writing ratified the contract thus made by the plaintiff, and accepted from him the sum of two hundred dollars which, simultaneously with the execution of the contract, had been paid to plaintiff by the intending purchaser on account of the purchase price. In addition to containing all of the essentials of a valid and enforceable contract of purchase and sale, the contract in question provided that "upon a favorable report of the attorneys" for the purchaser concerning the title to the property, the parties thereto would enter into an agreement for the purchase of the property "upon the terms and conditions therein mentioned." Subsequently the attorney for the purchasers rejected the title to the property for alleged defects, which it is admitted did not exist, or if existing could have been readily cured. Ultimately the purchaser refused upon demand to perform his contract, and declined the defendant's tender of a deed to the property. The defendant had agreed to pay the plaintiff five per cent of the purchase price in the event of a sale. Upon substantially these facts the case was

tried in the court below and judgment rendered for plaintiff
in the sum of seven hundred dollars, upon a finding to the
effect that the plaintiff had procured a purchaser for defend-
ant's property who had entered into a valid and enforceable
contract binding him to purchase. The evidence we think
supports this finding.

The clause in the contract concerning the necessity for a
favorable report upon the title to the property from the at-
torneys of the purchaser cannot be construed, as counsel for
the defendant contends, to mean that the obligation of the
purchaser was dependent upon a mere arbitrary, capricious,
and whimsical rejection of the title to the property by his
attorney. Obviously the clause in question did not have the
effect of making the contract here involved merely an agree-
ment for an option to purchase, rather than a completed con-
tract of purchase and sale. The payment of the deposit of
two hundred dollars on account of the purchase price was an
acceptance of the terms and conditions of the contract (*Ben-
son* v. *Shotwell*, 87 Cal. 49, [25 Pac. 249, 681]; *Easton* v.
*Montgomery*, 90 Cal. 307, [25 Am. St. Rep. 123, 27 Pac.
280]); and while it savored to some extent of a preliminary
contract which contemplated that it would be followed by an-
other contract of purchase and sale, nevertheless inasmuch
as it was mutually obligatory and contained in and of itself
all of the essentials of a valid and enforceable contract, obvi-
ously the defendant, had he so desired, could have compelled
the intending purchaser to perform, and therefore neither
the latter's refusal to accept the deed tendered to him, nor
his failure to enter into the second contract, could operate to
defeat the plaintiff's right to recover his commission from the
defendant.

The judgment and order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied by
the supreme court on June 11, 1917.