[Civ. No. 2818. First Appellate District, Division One.—October 21, 1919.]

BELLE N. PETERSEN, as Executrix, etc., Respondent, v. FLEDA O. BUNTING et al., as Executors, etc., Appellants.

[1] CONTRACTS—UNILATERAL AGREEMENT TO SELL—ACCEPTANCE BY PURCHASER—PART PAYMENT.—A unilateral agreement or option to sell certain real property upon stated conditions, one of which is the payment of a given sum of money upon a specified date, becomes a binding agreement upon both parties when upon the day fixed for payment the purchaser pays and the vendor accepts a portion of said sum and the purchaser obtains the vendor's consent to wait thirty days for the payment of the balance.

[2] ID.—DEFAULT IN PAYMENT OF BALANCE—RECOVERY OF MONEY PAID.—Such purchaser thereafter being in default, unexcused, in the payment of the balance, and having made no tender of complete performance, and the vendor acknowledging his obligations thereunder and standing upon its terms, the former is not entitled to receive back from the latter the money paid by him.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Donahue, Judge. Reversed.

The facts are stated in the opinion of the court.

---

1. Options to purchase land, note, 118 Am. St. Rep. 597.

Thomas C. Huxley for Appellants.

Robert L. Mann, Sidney M. Van Wyck, Jr., and Curtis Hillyer for Respondent.

RICHARDS, J.—Plaintiff's testator, John M. Wright, obtained from defendants' testator, John A. Bunting, a writing by which the latter agreed to convey to the former certain real estate upon certain conditions, one of which was a payment of forty thousand dollars, to be made upon a specified date. This was signed only by Bunting, and imposed no obligation upon Wright. It contained a provision as follows: " . . . a failure on your part to make the aforesaid payment of forty thousand dollars on or before the fifteenth day of March, 1919, shall cancel and make void all and singular the obligations established by this instrument." When the date arrived for this payment Wright was unable to make it, but by consent of Bunting paid on account of said first payment ten thousand dollars, whereupon Bunting extended the time thirty days to make payment of the balance thereof by signing a notation to that effect upon the face of the instrument. and also in- dorsing upon the back of it the following words: "Re- ceived on this agreement on this sixteenth day of March, 1909, the sum of ten thousand dollars as part of the first payment of forty thousand dollars herein named," and signing his name to both said notation and said indorse- ment. Wright failed to pay this sum of thirty thousand dollars at the time named, and admitted to Bunting his inability to make further payments, and subsequently, and without having tendered full compliance with the terms of the agreement, demanded of Bunting that he return the ten thousand dollars already paid. The latter refused to comply with this demand, and justifies such refusal upon the ground that under the terms of the writing Wright was in default, and was therefore not entitled to the return of the money so paid.

By the judgment the plaintiff, who is the executrix of the last will and testament of said Wright, was awarded the return of this ten thousand dollars, together with interest. The defendants appeal, and the question for decision is the construction of the writing above referred to as affected by the payment thereunder made by Wright.

[1]   It is the respondent's contention that by virtue of
the provision of the writing hereinbefore quoted, the failure
of Wright to make the payment of forty thousand dollars
on or before the fifteenth day of March, 1909, or on or
before the expiration of the thirty days to which the per-
missible date of said payment was extended, terminated all
obligations arising thereunder, and that Wright was entitled
to the return of the money paid by him on account of
said first payment of forty thousand dollars.   We think
it quite plain, however, that such a construction entirely
ignores the change in the situation as it existed by the
mere making and delivery of the instrument which was
brought about by Wright's payment of ten thousand dol-
lars on account of the first payment of forty thousand
dollars and the extension by Bunting of the time in which
the balance thereof might be paid.   Until the making of
this payment the agreement—if it can be so called—was
strictly unilateral and constituted a mere option, to be
exercised by Wright or not as he chose.   Wright had
assumed no obligation thereunder.   The provision therein
that a failure on Wright's part to make the first payment
of forty thousand dollars should cancel the obligations of
the instrument referred evidently to the obligations of
Bunting and was for his benefit.   But when Wright paid
to Bunting ten thousand dollars and obtained Bunting's
consent to wait thirty days for payment of the balance
of the forty thousand dollars, the amount of the first pay-
ment called for by the writing, the situation changed.   By
said payment, in the absence of an express agreement
that said payment should not be construed as having that
effect, Wright accepted what was theretofore an offer on the
part of Bunting to sell his property, and Bunting's accept-
ance of such payment bound him to comply with the terms
of his offer.   (*Benson* v. *Shotwell,* 87 Cal. 49, 54, [25 Pac.
249, 681]; *Eaton* v. *Montgomery,* 90 Cal. 307, [25 Am. St.
Rep. 123, 27 Pac. 280]; *Reed* v. *Hickey,* 13 Cal. App. 136,
[109 Pac. 38]; *Karahadian* v. *Lockett,* 33 Cal. App. 413,
[165 Pac. 552]; *Russ* v. *Tuttle,* 158 Cal. 226, [110 Pac.
813]; *Scott* v. *Glenn,* 98 Cal. 168, [32 Pac. 983]; *Copple* v.
*Aigeltinger,* 167 Cal. 706, [140 Pac. 1073]; *Owsler* v.
*Thacher,* 152 Cal. 739, [93 Pac. 1007]; *McCowen* v. *Pew,* 18
Cal. App. 302, [123 Pac. 191].)

[2] This brings us to the question whether Wright, being in default, unexcused, in the payments due under Bunting's offer to sell, and having made no tender of complete performance, and Bunting acknowledging his obligations thereunder and standing upon its terms, the former was entitled to receive back from Bunting the money paid by him. That he was not so entitled is well established by the authorities (*Glock* v. *Howard*, 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Oursler* v. *Thacher*, 152 Cal. 739, [93 Pac. 1007]).

One further question is presented on the appeal. The court admitted evidence offered by plaintiff for the purpose of explaining the construction which the parties themselves placed upon the written instrument. As to the admission of this evidence—which was over the objection of the defendants—two things may be said: First, that the writing was plain and unambiguous and needed no aid in its construction; second, the evidence thus submitted, so far from warranting the construction contended for by the plaintiff and which the court adopted, namely, that the payment of the ten thousand dollars by Wright and its acceptance by Bunting, did not convert what was theretofore an option into an agreement binding upon Bunting, quite conclusively shows that the parties acted on the assumption that it did. Such evidence at most shows that Bunting was willing to give Wright a chance to get back his ten thousand dollars, which he was to have, however, only by carrying through another and different transaction. This also Wright failed to accomplish.

From what has been said it follows that the court erred in awarding judgment to the plaintiff. The judgment is therefore reversed.

Waste, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 20, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 18, 1919.

All the Justices concurred, except Melvin, J., who was absent.