[Civ. No. 3977. Third Appellate District.—January 15, 1930.]

JESSIE M. GIBBS, Respondent, v. JOSE YGNACIO MENDOZA et al., Appellants.

Preisker, Goble & Twitchell for Appellants.

Webster & Lyon for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment decreeing specific performance of a contract to sell and convey real property.

The defendants were the owners of 320 acres of land in San Luis Obispo County, being lots 28 and a portion of lot 29, according to the subdivision map of the Morro y Cayucas Rancho on file in the office of the recorder of said county. July 22, 1925, the defendants executed and delivered to plaintiff's assignor, J. Rohrberg, a written contract to sell said land for $100 an acre. The sum of $500 was paid by the purchaser upon the execution and delivery of the contract, and the further sum of $11,500 was subsequently paid. Upon the payment of the last-mentioned sum a deed of conveyance to fifty acres of the land was executed and delivered to the purchaser as required by the terms of the contract and he was thereupon given possession of the premises. The time for the delivery of no other deed was specifically designated. It was provided that the final payment of $20,300 should be made "on or before one year from the date of delivery of deed." The contract provided for six per cent interest per annum on deferred payments. Time was not made the essence of the contract. Subsequent to the payment of the said sum of $12,000 on the purchase price of the property, the contract was duly assigned to plaintiff for a valuable consideration. On or about July 23, 1926, the defendants notified the original purchaser that prompt payment of the interest would be required. The assignee had no notice of this demand. On August 2, 1926, the plaintiff tendered to the defendants $20,300, the entire balance of the purchase price, together with the accrued interest, and demanded a deed of conveyance to the balance of the property, which was refused. This suit for specific performance of the contract was then commenced. The com-

plaint recited the foregoing facts, and the contract was made an exhibit thereof. It was ·alleged that the purchase price of the land was fair and reasonable. The answer denied the allegations of the complaint *seriatim* and declared that the instrument in question was a mere option and not a contract to sell real property and that it was breached by the purchaser by his failure to pay the interest as required. Upon trial the court rendered judgment for the plaintiff decreeing specific performance which was to be accomplished within a prescribed time and was conditioned upon the payment of the balance of the purchase price together with the accrued interest.

The appellants contend that the document in question which was signed by the vendors only, was a mere option and not an agreement to sell real property, and that the instrument was breached, abandoned and canceled by the failure of the purchaser to promptly pay the interest amounting to $1218, which was due July 22, 1926.

From a construction of the terms of the instrument itself, together with the acceptance of $12,000 of the purchase price of the land and the conveying of fifty acres thereof and delivery of possession to the purchaser, it appears clear that this agreement was intended to be and was in fact a valid contract to sell the 320-acre tract of land and not a mere option. The contract was not severable. The contract provided in part:

"This agreement, made this 22nd day of July, 1925, by and between Jose Ygnacio Mendoza and Maria Mendoza, parties of the first part, and J. Rohrberg, the party of the second part,

"Witnesseth: That said first parties agree to sell to said second party the following described premises . . . (here follows a description of the 320-acre tract of land).

"Terms of sale: One hundred dollars ($100.00) per acre, payable as follows, to-wit: Five hundred dollars ($500.00) cash, paid this day, receipt whereof is hereby acknowledged. Eleven thousand five hundred dollars ($11,500.00) as soon as title is examined, and deeds are signed. Twenty thousand three hundred dollars ($20,300.00) to be paid on or before one year from date of delivery of deed. Time shall be given for examination of title. . . .

"Upon said $11,500 being paid, said first parties agree to convey to said second party fifty (50) acres of said land by grant, bargain and sale deed . . . (describing the fifty-acre tract). Deferred payments to bear interest at the rate of six (6) per cent per annum from date. Possession of said premises to be delivered when said $11,500 is paid.

"Witness the hands of the said parties of the first part.

"(Signed and witnessed)  Jose Ygnacio  X  Mendoza
"Maria  X  Mendoza"

It was not necessary that the contract should be signed by the purchaser to make it binding. The payment of a substantial part of the purchase price of the land was ample evidence of acceptance of the terms of the agreement on the part of the purchaser. These payments, together with conveyance of a part of the land and possession of the entire tract, constitute ample evidence that the respective parties deemed the instrument to be, and we are of the opinion that it is a valid contract to sell real property and not a mere option. (Secs. 1726, 1729 and 1741, Civ. Code; *Benson* v. *Shotwell,* 87 Cal. 49 [25 Pac. 249]; *Easton* v. *Montgomery,* 90 Cal. 307 [25 Am. St. Rep. 123, 27 Pac. 280]; *Smith* v. *Post,* 167 Cal. 69, 74 [138 Pac. 705]; *Copple* v. *Aigeltinger,* 167 Cal. 706 [140 Pac. 1073]; *Sparks* v. *Mauk,* 170 Cal. 122 [148 Pac. 926]; *Karahadian* v. *Lockett,* 33 Cal. App. 411 [165 Pac. 552].)

In addition to part performance of the contract in the present case, the plaintiff proved and the court found that an adequate tender of the entire balance of the purchase price, together with the accrued interest, was duly made on August 2, 1926. It is contended that this tender was too late in view of the demand which was made upon the original purchaser on July 23, 1926, to promptly pay the interest, and that this default constituted a breach and abandonment of the contract. We cannot agree with this assertion. Time was not made the essence of the contract. The assignee and owner of the contract had no notice of this demand on the part of the defendants. The contract does not specify a date upon which the interest shall become payable. It merely provides that deferred payments shall "*bear interest* at the rate of six per cent per annum from date." In the absence of an agreement to the contrary interest is payable only when the principal becomes

due. (*Owens* v. *Graetzel,* 146 Md. 361 [39 A. L. R. 943, and note, 126 Atl. 224]; *In re Payne,* 171 Wis. 608 [10 A. L. R. 993, and note, 177 N. W. 858]; 6 R. C. L. Perm. Supp., p. 3868, sec. 8.) The contract in the present case provided that the balance of the deferred principal sum of $20,300 was "to be paid on or before one year from the date of delivery of deed." Assuming that this clause referred to the deed of conveyance to the remainder of the property not included in the description of the first fifty acres of land which had already been executed, neither this principal sum of $20,300 nor the interest thereon was due for the reason that the defendants failed and refused to execute or deliver deeds of conveyance to the balance of the land. If the foregoing clause of the contract be construed to mean that the final payment of $20,300 was due one year from the date of the delivery of the deed which was executed to the fifty-acre tract, then the tender was actually made within the time prescribed, for the record is undisputed that this deed was not delivered until August 3, 1925. Accepting appellants' construction of the contract, the plaintiff, at most, was in default of this final payment and interest for a period of only ten days. Since time was not made the essence of the contract, under the circumstances of this case this brief delay will not be construed to constitute an abandonment of the contract. The defendants were not injured by the delay and a subsequent oral notice demanding prompt payment of the interest could not change the express terms of the contract. ▮ Where the provisions of the contract to sell real estate do not declare a forfeiture for nonperformance and time is not made the essence of the contract, a mere delay of ten days in the payment of the final installment and interest will not authorize the seller to repudiate the agreement or declare an abandonment thereof when he may be fully compensated for such delay. (*Norris* v. *Hay,* 149 Cal. 695, 698 [87 Pac. 380]; 25 R. C. L. 321, sec. 136.)

It appears that the purchase price of the land was fair and reasonable. The finding that the value of the land did not increase subsequent to the execution of the contract is sufficiently supported by the evidence.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.