**CREO PRODUCTS INC.,**
**Plaintiff–Appellant,**

v.

**DAINIPPON SCREEN MFG. CO., LTD., D.S. North America Holdings, Inc., and DS America Inc., Defendants–Appellees.**

No. 00–1536.

United States Court of Appeals, Federal Circuit.

DECIDED: May 14, 2001.

Before LOURIE, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

Creo Products Inc. brought suit against Dainippon Screen Manufacturing Co., Ltd., D.S. North America Holdings, Inc., and D.S. America Inc. (collectively "Dainippon") in the United States District Court for the Western District of Washington. Creo alleged infringement of Creo's U.S. Patent No. 4,743,091, breach of contract, misappropriation of trade secrets, and other causes of action not at issue in this appeal. Creo appeals the district court's grant of Dainippon's motion for summary judgment on the patent and contract claims, the court's award of attorney fees to Dainippon for its defense of Creo's literal infringement and trade secret claims, and the court's exclusion of certain expert testimony. We agree with the district court's analysis on each of the disputed issues, and we therefore *affirm* the judgment of the district court in all respects.

I

Creo argues that the district court erred when it granted summary judgment to Dainippon on the contract claim. This issue turns on the enforceability and scope of two agreements between Creo and Dainippon. The first is a December 1990 letter agreement, and the second is a formal contract executed in October 1991. Both agreements include terms restricting Dainippon's use and disclosure of certain technologies. The 1990 restrictions are more stringent, and Creo asserts that Dainippon violated those restrictions and thus breached the 1990 agreement. Creo does not assert that Dainippon violated the less stringent restrictions of the 1991 agreement. The 1990 agreement also contains a term stating that it will be effective as of the date that it is fully executed by both parties; although Dainippon executed the 1990 agreement, Creo did not.

Dainippon argues that the 1990 agreement is not enforceable because it was not executed by Creo, and Dainippon urges us to affirm on that basis. The district court declined to base its summary judgment ruling on the issue of enforceability, concluding that there are genuine issues of material fact with regard to the enforceability of the 1990 agreement. We agree. Both California and Washington state law have long recognized that failure to formally execute a contract, even when expressly required, may be excused in some cases based on reliance or partial performance. *See, e.g., Vitagraph, Inc. v. Liberty Theatres Co. of Cal.,* 197 Cal. 694, 242 P. 709, 711 (1925); *Sparks v. Mauk,* 170 Cal. 122, 148 P. 926, 926 (1915); *Pennington & Co. v. Hedlund Box & Shingle Co.,* 116 Wash. 292, 199 P. 235, 237 (1921). We agree with the district court that Creo has put forth sufficient evidence on the issue of the enforceability of the 1990 agreement that it would be improper to grant summary judgment to Dainippon on that ground.

In analyzing the specific contract claims pressed by Creo, the district court concluded that those claims all involved technologies encompassed by the subject matter of the 1991 agreement. Moreover, the court concluded that the integration clause in section 9.10 of the 1991 agreement expressly superseded all prior agreements with respect to any subject matter that was within the scope of the 1991 agreement. Accordingly, the court ruled that the 1990 agreement was inapplicable to the technologies that were the subject of Creo's contract claims.

We agree with the district court's analysis and affirm on that ground. Contrary to Creo's contention, the relevant question is not whether the two agreements are coextensive–they clearly are not–but rather whether the technologies that Creo asserts Dainippon improperly used or disclosed were within the subject matter of the 1991 agreement. Dainippon introduced evidence, some of which consisted of Creo's own statements, that the technologies at issue were all incorporated in the devices developed and sold by Creo to Dainippon under the 1991 contract, and Creo has not rebutted that evidence.

## II

Creo also argues on appeal that the district court erred when it concluded that prosecution history estoppel barred application of the doctrine of equivalents to the asserted patent claim and grated summary judgment on that basis. We agree with Dainippon that our decisions in *Sextant Avionique, S.A. v. Analog Devices, Inc.,* 172 F.3d 817, 49 USPQ2d 1865 (Fed.Cir. 1999), and *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 234 F.3d 558, 56 USPQ2d 1865 (Fed.Cir.2000), preclude application of the doctrine of equivalents under the facts of this case, and we therefore affirm that aspect of the district court's judgment.

## III

Creo further argues that the district court erred when it granted attorney fees to Dainippon under 35 U.S.C. § 285, for its defense of the claim of literal patent infringement, and under the Uniform Trade Secret Act, adopted in both California and Washington, Cal. Civ.Code § 3426.4; Wash. Rev.Code § 19.108.040, for its defense of the claim of trade secret misappropriation. Creo's argument is that the district court and Dainippon should have understood that Creo was not in fact asserting literal infringement and trade secret claims, notwithstanding that its complaint raised such claims and Creo never waived them. We have examined the record of the proceedings before the district

court and, like the district court, we disagree with Creo's contention that it made clear in the course of the proceedings that it was not asserting literal infringement of its patent rights or trade secret misappropriation. We therefore find that the district court did not abuse its discretion in entering an attorney fee award.

## IV

Finally, Creo urges us to conclude that the district court erred when it excluded certain expert testimony with respect to damages. In light of our affirmance of the district court's grant of summary judgment to Dainippon on the infringement and contract claims, that issue is moot.