[No. 18346.   Department One.—September 4, 1895.]

JOSEPH SPINNEY, APPELLANT, *v.* H. W. DOWNING
ET AL., RESPONDENTS.

CONTRACTS — ASSENT — AGREEMENT FOR WRITING — RECIPROCAL STIPULA-
TIONS—SIGNATURE BY ONE PARTY.—When it is a part of the under-
standing between the parties to a contract that the terms of the contract
are to be reduced to writing, and signed by both parties, the assent to
its terms must be evidenced by the signature of both parties, or it does
not become a binding obligation upon either, especially where the pro-
posed contract contains reciprocal stipulations and covenants upon the
part of each party as a consideration for the acts of the other.

ID.—PART PERFORMANCE—ESTOPPEL.—The fact that the party not signing
the contract proceeds with full knowledge of its terms partially to per-
form it does not estop him to deny the binding obligation of the contract.

ID.—ACCEPTANCE OF OFFER—COMPLETION OF CONTRACT—VOLUNTARY COM-
PLIANCE.—To render a proposed contract binding there must be an acces-
sion to its terms by both parties, and a mere voluntary compliance with
its conditions by one party who had not previously assented to it does
not render the other liable for it.

ID.—MUTUALITY OF ESTOPPELS.—Estoppels must be mutual; and the party
failing to sign the contract cannot be estopped by a voluntary compli-
ance with a part of its conditions, where the party signing the same
cannot be held bound under the proposed contract, but can repudiate it
at any time.

APPEAL from a judgment of the Superior Court of
Fresno County and from an order denying a new trial.
J. R. WEBB, Judge.

The facts are stated in the opinion of the court.

*L. L. Cory*, for Appellant.

If the parties to an alleged contract agree that it shall
be reduced to writing, in an instrument to be signed by
them, it will not be obligatory on them without the exe-
cution of such written instrument. (*Hoen* v. *Simmons*,
1 Cal. 119; 52 Am. Dec. 291; *Tewksbury* v. *O'Connell*, 21
Cal. 60; *Fuller* v. *Reed*, 38 Cal. 99; *Los Angeles etc. Co.*
v. *Phillips*, 56 Cal. 539; *Wristen* v. *Bowles*, 82 Cal. 84;
*Pacific Rolling Mill Co.* v. *Riverside etc. Ry. Co.*, 90 Cal.
627; *Emeric* v. *Alvarado*, 64 Cal. 539.) In contracts
where the promise of the one party is the consideration
for the promise of the other, the promises must be con-

current and obligatory upon both at the same time. (*Morrill* v. *Tehama etc. Co.,* 10 Nev. 125; *Dodge* v. *Hopkins,* 14 Wis. 631; *Townsend* v. *Corning,* 23 Wend. 435; *Tucker* v. *Woods,* 12 Johns. 190–92; 7 Am. Dec. 305; *Keep* v. *Goodrich,* 12 Johns. 397; *Brackett* v. *Barney,* 28 N. Y. 333; *Whitford* v. *Laidler,* 94 N. Y. 145; 46 Am. Rep. 131; *Crane* v. *Partland,* 9 Mich. 493; *Breckinridge* v. *Crocker,* 78 Cal. 529; *Harvey* v. *Duffey,* 99 Cal. 401; *Los Angeles etc. Co.* v. *Phillips, supra; Talmadge* v. *Arrowhead Res. Co.,* 101 Cal. 367; *Johnston* v. *Fessler,* 7 Watts, 48; 32 Am. Dec. 738; *Governor* v. *Petch,* 28 Eng. L. & Eq. 470; *Northam* v. *Gordon,* 46 Cal. 582; Pollock on Contracts, 41; *Ambler* v. *Whipple,* 20 Wall. 546.)

*Frank H. Short,* for Respondents.

A party performing acts under a contract is bound thereby, although it is signed by the other party only. (Hermann on Estoppel, secs. 736, 750, 754, 1021, 1038, 1043; *McDonald* v. *Mountain Lake Water Co.,* 4 Cal. 335; *Oakland Paving Co.* v. *Rier,* 52 Cal. 270; *Callender* v. *Patterson,* 66 Cal. 356.)

VAN FLEET, J.—Action to enforce a materialman's lien for the value of a quantity of brick furnished and used in the erection of a certain building. By way of cross-complaint and ground for affirmative relief, the defendant. Downing set up that he and the plaintiff entered into a certain contract whereby plaintiff agreed to furnish and deliver to said defendant all the brick required for the construction of the building, the brick to be of a certain quality, and at a specified price per thousand; that plaintiff delivered a portion only of the brick so contracted for, and then neglected and refused to deliver any more, whereby defendant was compelled to procure brick for the completion of the said building elsewhere, and at a higher price per thousand, to defendants' damage, etc., for which he prayed judgment.

Judgment went against plaintiff, and from the judgment and an order denying him a new trial he appeals.

We think it clear that the alleged contract counted upon by defendant Downing in his cross-complaint never became a completed contract. It appears without conflict that it was the understanding and agreement between the plaintiff and Downing that the proposed contract should be reduced to writing, and signed by both parties. This fact is made very clear by the evidence. The paper as drawn up was signed by Downing, but for some reason which does not appear never was signed by the plaintiff, Spinney. It therefore never became a binding or subsisting obligation upon either. It is a general rule to which this case presents no exception that, when it is a part of the understanding between the parties that the terms of their compact are to be reduced to writing and signed by the parties, the assent to its terms must be evidenced in the manner agreed upon, or it does not become a binding or completed contract. This is essentially true when, as here, the proposed contract contains reciprocal stipulations and covenants upon the part of each as a consideration for the acts of the other. (*Ambler* v. *Whipple*, 20 Wall. 546; *Fuller* v. *Reed*, 38 Cal. 99; *Morrill* v. *Tehama etc. Co.*, 10 Nev. 125.) The case last cited is much in point, the facts not being essentially dissimilar to those of the case at bar. In that case the parties agreed upon the terms of a contract for the sale and delivery of a certain quantity of wood by plaintiff to defendant, but it was understood that the contract should be put in writing and. signed by both parties. It was accordingly reduced to writing, and was duly executed by defendant, but was. not signed by plaintiff, nor did the latter give a bond as was required for the faithful performance of the contract. He did, however, commence at once to deliver the wood, and continued to deliver it until stopped by the defendant. He brought an action for the breach of the contract, and in passing upon the case on appeal the supreme court of Nevada say:

"From the facts thus found we think, independent of the giving of the bond, that the contract declared on

was never completed.   It is true the parties verbally agreed to the terms of the contract as stated in the complaint, but it was to be reduced to writing and signed by both parties.   And it was signed by McDonald as the agent for defendant, but the plaintiff, for what reason does not appear, failed to sign it at the same time. True, four days afterward he went to Waters' office for the purpose of signing it, and, failing to find it, proceeded to act under its terms.   But the contract thus prepared was to be signed by both parties; it contained mutual obligations, each of which being the consideration of the other; . . . . and as the plaintiff failed thus to sign it, no reciprocal assent thereto can be implied. There is no contract unless the parties thereto assent; and they must assent to the same thing, in the same sense.   (1 Parsons on Contract, 475.)   It is essential to the existence of every contract that there should be a reciprocal assent to a definite proposition, and when the parties to a proposed contract have themselves fixed the manner in which their assent is to be manifested, an assent. thereto, in any other or different mode, will not be presumed.   Notwithstanding the instrument.declared upon was fully executed on the part of defendant, the contract was still incomplete and neither party bound thereby."

It is urged, however, by respondent that the appellant is estopped to deny the binding obligation of the contract because he proceeded with full knowledge of its terms to perform it by delivering a portion of the brick to Downing.   We do not think the facts bring the case within the doctrine contended for.   The case is not distinguishable in that regard from the case of *Morrill* v. *Tehama etc. Co., supra.*   The same point was there made, that Morrill, by proceeding to execute the contract by delivering the wood, thereby ratified it and made it a valid and binding contract equally obligatory upon the parties as though he had signed it.   But the court held that the doctrine contended for could not apply in such

a case, and quote from *Johnston* v. *Fessler*, 7 Watts, 48; 32 Am. Dec. 738, where it is said:

"To render a proposed contract binding there must be an accession to its terms by both parties. A mere voluntary compliance with its conditions by one who had not previously assented to it does not render the other liable on it."

The court also cite *Northam* v. *Gordon*, 46 Cal. 582, and conclude: "The action is upon the contract. Morrill neglected to sign the agreement and also neglected to give the required bond; he consequently failed to accept respondent's offer according to its terms, and there was, therefore, no contract such as was declared upon." We think that case decisive of this. Furthermore, estoppels must be mutual, and it is obvious under the rule above laid down that Downing could not have been held bound under the proposed contract which Spinney had failed to sign, but could have repudiated it at any time.

In view of this conclusion the other questions do not require notice, since they will not arise upon a new trial.

Judgment and order reversed and a new trial ordered.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.