MORTON v. WITTE et al.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. EXCHANGE OF PROPERTY (§ 3*)—CONTRACT—DELIVERY.

　　Plaintiff and defendants, as parties to negotiations for an exchange of property, delivered to plaintiff's attorney, signed, duplicate contracts without restriction, and on the closing day the attorney offered plaintiff's contract to defendants for inspection, whereupon they refused performance on the sole ground that the contract was not acknowledged. *Held*, that there was a delivery of the contract constituting a completed agreement.

　　[Ed. Note.—For other cases, see Exchange of Property, Dec. Dig. § 3.*]

2. EXCHANGE OF PROPERTY (§ 3*)—CONTRACTS—ACKNOWLEDGMENT.

　　Acknowledgment of a contract to exchange of personalty for realty is not essential to its validity, since the acknowledgment relates merely to the proof of execution.

　　[Ed. Note.—For other cases, see Exchange of Property, Dec. Dig. § 3.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CONTRACTS (§ 32*)—AGREEMENTS TO BE REDUCED TO WRITING.

In the absence of express agreement to the contrary, a contract is not rendered incomplete by an understanding that it is to be formally put in writing, if the terms are agreed upon.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 159; Dec. Dig. § 32.*]

4. CONTRACTS (§ 42*)—DELIVERY—WAIVER OF STIPULATIONS.

One party to a contract waives the other's agreement to deliver his copy of the contract before the closing day by attendance on the closing day, and failing to object to such failure.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 42.*]

5. EXCHANGE OF PROPERTY (§ 8*)—BREACH OF CONTRACT—ELEMENTS.

One suing for breach of contract for an exchange of property is not entitled to recover for commission paid his broker, if such expense was not contemplated by the parties when the contract was made.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 18; Dec. Dig. § 8.*]

6. EXCHANGE OF PROPERTY (§ 8*)—BREACH OF CONTRACT—ELEMENTS.

One suing for breach of a contract, whereby he was to receive realty in exchange for personalty, the title to be a fee simple free of incumbrances, with certain exceptions, may recover legal expenses paid for examination of defendants' title.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 18; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Baxter Morton against Charles Henry Witte and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

John R. Jones, for appellant.
Siegmund Rosenthal, for respondents.

JENKS, P. J. The plaintiff appeals from a judgment of the Municipal Court for the defendants on the merits. The action is for damages for breach of a contract that provided for an exchange of a piece of defendants' realty for a motor car owned by the plaintiff. The defendants contended that there was not a completed contract.

[1] The plaintiff was represented in the negotiation by Mr. Jones, an attorney. On closing day, the plaintiff, Mr. Jones, the defendant Mr. C. Witte, and Mr. Erdtman met. Theretofore the defendants had signed a contract in duplicate, and had given one of them to Mr. Jones, who promised to obtain the signature of the plaintiff to a duplicate. On the said day Mr. Jones produced a contract signed by the plaintiff, showed it to Mr. Erdtman, who read it, and said that "he wouldn't close the title because the contract was not acknowledged." The plaintiff tendered a bill of sale of the motor car. Thus it appears that at the appointed time Mr. Jones had both the contract of the plaintiff and that of the defendants. While it is true that Mr. Jones did not physically deliver the contract to the defendants, yet he produced it and showed it to Mr. Erdtman. As the defendant testi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fies that he had gone to Mr. Erdtman, who said that they would go to the place of meeting to "see whether the contract was signed or not by Mr. Morton" (the plaintiff), I think that Mr. Erdtman may be regarded as the agent or representative of the defendant on that occasion.

The evidence was sufficient to indicate a delivery. Before the closing day, the parties had signed and delivered the contract to Mr. Jones without any restrictions upon him, and upon that day Mr. Jones produced the contract of the plaintiff, and offered it to the defendant or his agent for his inspection, and thereupon the defendant refused performance on the sole ground which I have indicated.

[2] But acknowledgment was not an essential part of the contract, for it relates to the proof of execution thereof. Am. & Eng. Ency. of Law (2d Ed.) 488. Moreover, there is testimony that the plaintiff produced the bill of sale of the car, and that the defendants, while they waited for the coming of a notary, waived the absence of an acknowledgment. The evidence is sufficient to establish a delivery. Sarasohn v. Kamaiky, 193 N. Y. 203, 86 N. E. 20; Worrall v. Munn, 5 N. Y. 229, 237, 55 Am. Dec. 330.

[3] Even though it had been the understanding that the contract "should be formally drawn up and put in writing," that agreement "did not leave the transaction incomplete and without binding force, in the absence of a positive agreement that it should not be binding until so reduced to writing and formally executed." Disken v. Herter, 73 App. Div. 455, 77 N. Y. Supp. 302.

[4] And, even though the defendants' evidence is that Mr. Jones was to deliver the plaintiff's contract to the defendants at a certain time before the closing day, yet I think that, in effect, there was a waiver on the part of the defendant perforce of his attendance on the closing day and by his omission to raise objection.

[5] The damages sought, so far as the record shows, are made up of brokerage commission paid to Mr. Jones by the plaintiff, and of a fee for the examination of the title of the defendants to the realty in question. There is no evidence in this record to support the recovery of the broker's commission. Such an expense was not connected directly with the contract between the parties, and formed no part thereof within their contemplation at the time that the contract was made.

[6] Inasmuch as the defendants were to furnish a deed with the usual full covenants and warranty at the seller's expense so as to convey to the purchaser a fee simple of the premises, free from all incumbrances except as excepted, the necessary legal expense of examination of the title may be the subject for damages. Northridge v. Moore, 118 N. Y. 419, 422, 23 N. E. 570. But that expense is not determined by the amount which the plaintiff chose to pay to Mr. Jones for such services. We express no opinion as to the merits of the plaintiff's claim, but place our reversal solely upon the ground that he had established a contract.

The judgment is reversed, and a new trial is ordered, costs to abide the event. All concur.