[Civ. No. 1460. Second Appellate District.—September 25, 1914.]

## H. P. CONNER, Respondent, v. MARY D. PLANK, Appellant; DELMER E. PLANK, Defendant.

CONTRACTS—NECESSITY OF REDUCING TERMS TO WRITING.—When it is a part of the understanding between parties in negotiating the terms of an agreement that it is to be reduced to writing and signed by them, the assent to its terms must be evidenced in the manner agreed upon or it does not become a binding or completed contract.

ID.—OMISSION TO REDUCE AGREEMENT TO WRITING—WHEN DOES NOT INVALIDATE.—But where a contract is of such a nature that the law does not require it to be in writing, and its terms are in the first instance definitely agreed upon and completed, then the mere fact that immediately thereafter the parties agree to evidence the contract by a written instrument does not interfere with the force and effect of the oral agreement.

ID.—CONTEST OF WILL—AGREEMENT NOT TO WAGE—FAILURE TO PUT IN WRITING.—In this action involving an oral contract not to contest a will there is no evidence that the agreement arrived at from the oral negotiations of the parties was not to constitute a contract unless completed in writing, although the next day after the agreement was reached the attorneys of the parties started to put it in writing, whereupon one of the parties repudiated the compromise and the preparation of the writing was thereupon suspended.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Richard J. Culver, for Appellant.

Roy V. Reppy, for Respondent.

CONREY, P. J.—Appeal from judgment in favor of plaintiff. The findings of fact in this case state that on September 8, 1911, the plaintiff entered into an agreement with the defendant Mary D. Plank whereby the defendant agreed to pay to plaintiff one-half of certain moneys theretofore received by her from F. W. Partridge, and also to pay to plaintiff on the distribution of the estate of said Partridge deceased, one-half of the net value of said estate as the same should be distributed to her; that in consideration of said

agreement on the part of defendant, the plaintiff agreed to
obtain forthwith an assignment to him of all interest of his
mother Mary Abigail Conner in the said estate, she being the
sole heir at law of said Partridge, deceased, at the time of his
death; and plaintiff further agreed not to institute any pro-
ceedings for the contest of the will of said deceased and to
relinquish to defendant all claims of his said mother in and
to the property of said Partridge, deceased, and of his said
estate.

It is further found that the plaintiff performed all of the
terms of the contract made by him, and that the defendant
has neglected and refused to perform her part of said con-
tract, although the entire estate was distributed to her and
no contest of the will was made.

There is no dispute as to the correctness of the amount of
the judgment, if plaintiff is entitled to recover anything. The
only questions presented have reference to the sufficiency of
the evidence to support the findings which were made in favor
of plaintiff as to the making of the contract.

F. W. Partridge died in Los Angeles County, leaving an
estate in that county, and there his alleged will was offered
for probate. According to the terms of said will the entire
estate was given to the defendant (who was not an heir at
law of the decedent), except that the sum of ten dollars was
bequeathed to the plaintiff. The plaintiff came to Los Ange-
les from an eastern state and on behalf of his mother was
preparing to contest the alleged will. He engaged as his
attorney Gurney E. Newlin, and the defendant was repre-
sented by Samuel M. Haskins, also an attorney at law. In
the testimony of Mr. Newlin and Mr. Haskins there is ample
evidence that the terms of the alleged agreement were fully
understood between them; they are the terms which were
offered by Mr. Newlin and accepted by Mr. Haskins. No
question exists as to the authority of Mr. Newlin to represent
the plaintiff. On the other hand, it appears that Mrs. Plank
stated in the presence of Newlin that she would do anything
that Mr. Haskins advised her to and that any agreement that
Mr. Haskins reached with Newlin was satisfactory to her.
The testimony of Haskins shows that Mrs. Plank was fully
informed about the terms of the agreement; that later in the
day she expressly gave her sanction to the same in a telephone
message to Haskins, and that Haskins thereupon informed

Newlin of his understanding that the matter was to be settled upon the basis already outlined.

The principal question of law on this appeal arises out of the fact that arrangements were made for reducing the agreement to writing and the writing was not completed or signed. There is no evidence of any statement made that the result which had been arrived at from the negotiations was not to constitute a contract unless completed in writing. In proposing to put the terms in writing it was assumed that they had been agreed upon. Newlin suggested to Haskins that it would be advisable to put the terms of the agreement that had been reached, in writing. These transactions took place on September 8, 1911. · On the morning of September 9th the attorneys met at the office of Haskins and commenced the dictation of the proposed written instrument. While they were so engaged Mrs. Plank communicated with Haskins by telephone and informed him that, having discussed the matter with some friends, she had decided that she would enter into no compromise whatever. The preparation of the writing was thereupon suspended and was never resumed.

Counsel for appellant relies upon the proposition that where parties have agreed to reduce an understanding to writing, that it never becomes a binding agreement until it is written and is signed by the parties to it. The principal cases relied upon in support of appellant's position are *Pacific R. & M. Co.* v. *Riverside etc. Railway Co.*, 90 Cal. 632, [27 Pac. 525]; *Spinney* v. *Downing*, 108 Cal. 666, [41 Pac. 797], and *Las Palmas Winery and Distillery* v. *Garrett & Co.*, 167 Cal. 397, [139 Pac. 1077] (March 17, 1914). These cases go no further than to establish the rule that, when it is a part of the understanding between the parties in negotiating the terms of their contract that the same be reduced to writing and signed by the parties, the assent to its terms must be evidenced in the manner agreed upon or it does not become a binding or completed contract. The record in each of the three cases above cited showed that the parties understood that the agreements were not to become binding upon either until evidenced in the written form. When the facts are as last stated, the rule relied upon here by the appellant will apply; but where, on the other hand, the contract is of such a nature that the law does not require it to be in writing and the terms of the contract are in the first instance

definitely agreed upon and completed, then the mere fact that immediately thereafter they agree to evidence the contract by a written instrument does not interfere with the force and effect of the oral agreement.

Upon the other points mentioned in appellant's brief we find evidence sufficient to support the finding that the parties to the contract had been definitely ascertained; that the attorneys did have authority to bind their principals; and that the contract contained definite promises on each side sufficient to constitute a legal consideration.

The judgment is affirmed.

James, J., and Shaw, J., concurred.