[Civ. No. 1408. First Appellate District.—November 19, 1914.]

SAM AFTERGUT COMPANY (a Corporation), Appellant v. JOSEPH MULVIHILL, Respondent.

CONTRACTS—AGREEMENT TO SELL MILK—FAILURE OF PARTY TO SIGN CONTRACT—RIGHT TO RECOVER ON QUANTUM MERUIT—ERRONEOUS NONSUIT.—Where parties orally agreed for the sale and purchase by them of a certain quantity of milk per day at a fixed price for a period of six months, and it was agreed that the contract should be reduced to writing and signed by the parties, but one of the parties never signed the contract, but delivered milk to the other for a certain period, in quantities specified in the contract, when for some reason undisclosed by the record, he refused to make further deliveries, the vendor was entitled to recover on *quantum meruit* the reasonable value of the milk delivered, and it was error for the court to grant a nonsuit.

ID.—AGREEMENT TO REDUCE CONTRACT TO WRITING AND SIGN—FAILURE TO DO SO—CONTRACT INCOMPLETE—ESTOPPEL.—In such a case, where it was the express intention of the parties that the contract should be reduced to writing and signed by them but this stipulation was not performed; the contract cannot be regarded as binding on either of the parties, especially where the proposed contract contained reciprocal covenants; nor was the vendor in such a case estopped from questioning the contract by reason of the fact that it was signed by the purchaser and left with brokers for the vendor's

signature, where the evidence does not show that the brokers were any more the agents of the vendor than of the purchaser, they merely having brought the parties together, drew up the contract, and arranged that the purchaser was to sign it, and, sometime when convenient, they were to have the vendor sign it also.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    John Hunt, Judge.

The facts are stated in the opinion of the court.

Hankins & Hankins, for Appellant.

Louis Ferrari, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of the defendant and against the plaintiff upon a nonsuit granted upon motion of the defendant.

The action is one to recover the sum of $1474, the value of milk sold and delivered by plaintiff to defendant. The facts of the case are briefly as follows: After some negotiations the parties to this action agreed orally that the plaintiff should sell and that the defendant should purchase a certain quantity of milk a day for a fixed price for a period of six months; and one of the stipulations of the oral arrangement was that the agreement thus arrived at should be reduced to writing and signed by both parties. It was accordingly reduced to writing, signed by the defendant, and left with McGuire & Son, milk brokers, to be signed by one Sam Aftergut, the president of the plaintiff corporation, some time when he should happen to be at the office of McGuire & Son. The contract, however, was never signed by Aftergut nor by any one on behalf of the plaintiff, nor is it shown that the plaintiff even knew that it had been signed by the defendant. After delivering milk to the defendant for five or six weeks in the quantity specified in the contract, the plaintiff, for some reason not disclosed by the record, refused to make further deliveries; and the defendant having failed to pay for the milk delivered, plaintiff commenced this action.

The complaint is in two counts; one for the reasonable value of the milk, and the other for the agreed price. Defendant contended in the court below and contends here that a recovery cannot be had on either count, for the reason that

if under the circumstances of the case the contract must be regarded as executed by the parties, the plaintiff cannot recover on the theory of an implied contract; and on the other hand, if the contract is to be regarded as binding on both parties, then the plaintiff, not having shown any reason for discontinuing the delivery of the milk, cannot recover on the contract.

We think the court erred in granting the motion for a nonsuit. Plaintiff never consented to the terms of the contract, nor was it even read by any of its officers; and as it was the expressed intention of the parties that it should be reduced to writing and signed by them, certain it is that this stipulation not having been performed the contract cannot be regarded as binding on either of the parties (*Spinney* v. *Downing*, 108 Cal. 668, [41 Pac. 797]); but, on the other hand, it having been admitted that the milk was received and used by the defendant in view of a contract to be entered into covering such delivery, and that the price claimed in the complaint was the reasonable value of the milk delivered, the plaintiff, it must be held, was entitled to recover on *quantum meruit.*

The authorities sustain the view that the oral agreement between the parties not having been reduced to writing and signed by the plaintiff as contemplated by the parties, did not constitute a contract. This is especially true where, as here, the proposed contract contained reciprocal covenants. In *Spinney* v. *Downing*, 108 Cal. 668, [41 Pac. 797], it appeared that the understanding and agreement between the plaintiff and the defendant was that the proposed contract should be reduced to writing and signed by both parties. This, for a reason not disclosed, was not done; and the court therefore held that it never became a binding and subsisting obligation upon either party, and in that connection said:

"It is a general rule, to which this case presents no exception, that, when it is a part of the understanding between the parties that the terms of the contract are to be reduced to writing and signed by the parties, the assent to its terms must be evidenced in the manner agreed upon, or it does not become a binding or complete contract. This is essentially true when as here the proposed contract contains reciprocal stipulations and covenants upon the part of each as a consideration for the acts of the other." (Citing cases.)

The defendant also asserts that McGuire & Son were the agents of the plaintiff, and hence he claims on some theory of estoppel that plaintiff could not be heard to say that the contract was not signed by it. But the evidence does not show that McGuire & Son were any more the agents of the plaintiff than of the defendant. They as brokers brought the plaintiff and defendant together; they drew up the contract in question, and, as arranged, the defendant was to sign it and leave it with the brokers, who, some time when convenient, would have the plaintiff sign it also. This did not constitute them the agents of the plaintiff to the extent that their possession of the contract under the circumstances of this case would be equivalent to plaintiff's possession of it, and so give rise to a question of estoppel.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the district court of appeal on December 19, 1914, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1915.