[Civ. No. 5606. First Appellate District, Division One.—October 3, 1927.]

EUGENE VAN HOOSEN et al., Respondents, v. E. V. BRISCOE, Appellant.

Cosgrave & Barstow for Appellant.

Ernest Klette for Respondents.

TYLER, P. J.—Action for money had and received. The complaint alleges that on or about the fifteenth day of March, 1923, defendant collected of and from W. F. Steffin and R. B. Steffin for the use and benefit of said plaintiffs the sum of $1,490, then owing by the said Steffins to plaintiffs, which sum defendant agreed to repay on request, but that he failed so to do. Defendant denied these allegations and as a separate defense alleged that on or about December 15, 1922, plaintiffs agreed to purchase of and from defendant a certain tract of land consisting of twenty acres for the sum of $12,000, which sum plaintiffs agreed to pay in installments from time to time and that defendant received from plaintiffs the amount sued for in partial performance of this agreement, which sum was voluntarily paid by plaintiff.

The trial court found all the allegations of plaintiffs' complaint to be true. It further found that it was not true as alleged by defendant that plaintiffs agreed to purchase of or from defendant the land described in his answer for the purchase price mentioned, or any other sum. In this connection it found that plaintiff Eugene Van Hoosen and the defendant did in the year 1921 enter into negotiations for the sale of twenty acres of land near Delano, county of Tulare, from defendant to said plaintiff, Eugene Van Hoosen; that said negotiations continued from time to time until about the end of March, 1923, when they were terminated. That during all of the time the negotiations were being carried on between said parties it was their intention that said proposed contract should be reduced to writing, and was so agreed by them. That it was not true that the sum of $1,490, referred to in plaintiffs' complaint, or any part thereof, was transmitted by the Steffins or either of them, to the plaintiff by defendant, or

that plaintiff paid the same to defendant as a partial payment on any contract. Additional findings are to the effect that on or about March 15, 1923, defendant was in possession of the sum of $1,490, the property of plaintiffs, and that at said time Eugene Van Hoosen and defendant orally agreed that when the terms and conditions of a contract for the sale of the land should be agreed upon and determined and a contract made and executed the said money should be applied upon the purchase price of the land, and it was orally agreed that defendant should retain said money for such purpose; that defendant did retain the money, but without the knowledge or consent of Grace Van Hoosen, who was the wife of Engene Van Hoosen, one of the plaintiffs herein; that the terms of the contract were never agreed upon and determined or ever entered into. As a conclusion of law the court found that plaintiffs were entitled to recover the sum of $1,490 principal, together with interest. It is here claimed that these findings are entirely unsupported by the evidence and that the finding that negotiations only for a sale were had by the parties is in direct contradiction to the undisputed evidence. We do not think so, but, on the contrary, we are of the opinion that the findings are fully supported by the evidence. There is evidence to show that defendant Briscoe had acquired under a contract to purchase a tract of some 150 acres of land at Delano, Tulare County, on which he was making payments of the purchase price. The plaintiffs Van Hoosen and his wife lived near defendant, who employed Eugene Van Hoosen to take charge of the improvement work upon the tract so purchased. The parties entered into a tentative verbal agreement for the sale and purchase of twenty of the 150 acres, upon the same terms defendant was acquiring the lands. Van Hoosen at that time had a tract of land which he was about to sell to one Steffin, and during the negotiations leading up to this sale and before a contract had been signed, Van Hoosen proposed to defendant that the payments coming from Steffin might be applied on the purchase price. The sale between Van Hoosen and Steffin was completed. On March 15, 1923, Steffin was desirous of paying an installment of $1,000 principal and $490 interest upon his contract with Van Hoosen, and being of the opinion that the payments were to go to defendant upon the

contract of purchase contemplated between him and Van Hoosen, Steffin delivered to defendant two checks, one for $1,000 and the other for $490. One of the checks was from the Fresno Abstract Company drawn in favor of Steffin for between $900 and $1,000 and the other was payable to defendant Briscoe, and it amounted to the difference between that sum and the $1,490 that Steffin was to pay. Briscoe cashed the checks and retained the proceeds. Van Hoosen and defendant Briscoe continued their negotiations for the purchase and sale of the twenty acres, but no contract was ever entered into by them for the sale and purchase of any particular portion of the tract. Some time in March, 1923, and shortly after defendant had cashed the two checks mentioned, and approximately a year and a half after their original negotiations were entered into, Van Hoosen became dissatisfied with the arrangement and demanded the amount of money defendant had received from Steffin as above narrated. The evidence shows conclusively that no written contract was ever entered into in relation to the sale of any particular land and there is evidence to show not only that no exact portion of the tract that Van Hoosen was to have was ever set apart by metes and bounds, but was only discussed generally and no definite terms of payments were ever agreed upon between them except that indefinite sums were to be paid "from time to time." There is also evidence to show that defendant was never directly authorized by Van Hoosen to retain the sums he received from Steffin in payment of any contract of purchase. The finding that it was the intention of the parties to reduce the terms of any contract that they might determine upon to writing also finds full support in the evidence. ■ We are not, therefore, here concerned with the question of what character of performance of an oral contract for the sale of land will take the case out of the operation of the statute, for when it is part of an understanding between the parties that the terms of the contract are to be reduced to writing and signed by them, assent to its terms must be evidenced in the manner agreed upon, in order to become binding. Preliminary negotiations leading up to the execution of a contract must be distinguished from the contract itself. (13 Cor. Jur. 289.) ■ There is no meeting of the minds of the parties while they are

merely negotiating as to the terms of an agreement to be entered into between them. To be final the material terms must be agreed upon and cannot be left to future settlement; nor is there a binding contract, where, although the terms have been agreed on orally, the parties have also agreed that it shall not be binding until evidenced by writing. (*Las Palmas etc. Distillery* v. *Garrett & Co.,* 167 Cal. 397. [139 Pac. 1077].) Since no binding contract was ever entered into between the parties, the sums retained by defendant under the circumstances indicated may be recovered by the plaintiffs and the trial court correctly so concluded.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 1, 1927.