[Civ. No. 2066.   Fourth Appellate District.—September 26, 1938.]

HENRY NOLTE, Appellant, v. SOUTHERN CALIFORNIA HOME BUILDING COMPANY (a Corporation) et al., Respondents.

Dempster McKee for Appellant.

Wright, Monroe & Harden for Respondents.

LEONARD, J., *pro tem.*—This is an appeal from a judgment in favor of the defendants in an action upon a promissory note for $34,500, executed by the defendant, Southern California Home Building Company, a corporation, hereafter called the company, and guaranteed by the defendants, J. B. Coker and Regina W. Coker.   They were president and secretary respectively, of the company and owned practically all of its capital stock.

Appellant had, from time to time, for a number of years, loaned money to respondents.   On October 1, 1932, the respondents' joint indebtedness to appellant amounted to the total sum of $34,500.   On that date, a note for that amount

was given by the company to appellant, and at the same time, or later, the Cokers guaranteed its payment. Certain collateral and other security was given to appellant as security therefor.

Thereafter, and some days prior to February 3, 1937, the company, being in default in the payment of both principal and interest of said note, and being somewhat financially embarrassed (if not in fact insolvent), through its president, J. B. Coker, entered into certain oral negotiations with appellant for a settlement of said note. These negotiations led to an oral agreement of settlement under the terms of which certain real estate and collaterals belonging to the company were to be transferred to appellant, and he was to surrender to the company certain other securities held by him.

After the oral agreement had been made, it was agreed that appellant and J. B. Coker would meet at the law office of E. L. Seavey and have him prepare a written instrument to evidence their oral agreement. On or about February 3, 1937, appellant and Coker met at Seavey's office and Coker, in the presence of appellant and without any objections on his part, outlined to Seavey the oral agreement and requested him to reduce it to writing.

This was done, and on February 3, 1937, Seavey delivered two copies thereof to appellant, who took them to Coker for the company's signature. They were signed by the company, and one of the signed copies delivered to appellant. He did not sign it nor did he object to it. Neither of the parties, apparently, raised any question about his signing it. No new negotiations concerning the settlement were had in Seavey's office.

Shortly thereafter, the company transferred to appellant the real estate and securities he was to receive under the oral settlement agreement, and he delivered to the company the securities it was to receive. The note, which had been left with Seavey by appellant, was later surrendered by Seavey to Coker. After the transfers had been made, appellant dealt with the property as his own. He sold some of it, collected rents from the real estate, made collections on the securities transferred, and accepted renewals upon some of the notes received by him. He never rescinded nor offered to rescind the agreement, nor to restore to the company any of the

property deeded or transferred to him, nor did he offer to hold such property as security.

The record, consisting of several hundred pages of testimony, contains a mass of conflicting evidence and it would serve no useful purpose to attempt to review it.

Appellant's first contention is to the effect that the oral agreement was to be reduced to writing before it should become a binding obligation on appellant and that, as ' he never signed it, it was not binding.

The finding is that the parties ''orally agreed'' to the settlement, and ''that said agreement so entered into was thereafter reduced to writing and delivered to the plaintiff, but was not signed by him''.

This finding is supported by conflicting evidence, and must be accepted by this court. There is no evidence in the case to justify the conclusion that there was any understanding between the parties that the terms of their oral agreement were to be reduced to writing and signed by the parties before the oral agreement should become effective.

Appellant cites in support of his contention the case of *Spinney* v. *Downing,* 108 Cal. 666 [41 Pac. 797]. In that case the court says: ''it appears without conflict that it was the understanding and agreement between the plaintiff and Downing that the proposed contract should be reduced to writing, and signed by both parties''.

In the instant case, the contract was orally made and later reduced to writing to evidence its terms. In the case of *Conner* v. *Plank,* 25 Cal. App. 516, 518 [144 Pac. 295], the court, referring to the case of *Spinney* v. *Downing, supra,* says: ''These cases go no further than to establish the rule that; when it is a part of the understanding between the parties in negotiating the terms of their contract that the same be reduced to writing and signed by the parties, the assent to its terms must be evidenced in the manner agreed upon or it does not become a binding or completed contract.'' But where ''the terms of the contract are in the first instance definitely agreed upon and completed, then the mere fact that immediately thereafter they agree to evidence the contract by a written instrument does not interfere with the force and effect of the oral agreement''.

In the case of *Fly* v. *Cline,* 49 Cal. App. 414, 425 [193 Pac. 615], the court, in commenting upon an oral agree-

ment, says: "It may be conceded that where the minds of the parties have met respecting the terms and conditions of the more formal writing that is to be executed by them, and the agreed terms of the contract thereafter to be executed are certain and in all respects definitely understood and agreed upon in advance, either orally or by informal writing, there is in such case an obligatory contract dating from the making of the earlier agreement."

We adopt the view of the trial court that there existed an oral agreement of settlement between the parties. The fact that a written instrument was later made to evidence that oral agreement does not change the binding effect of the oral agreement. No contention is made by appellant that the terms of the oral agreement and also those of the writing were not carried out by both parties. If there was no binding oral agreement, then the binding effect of the written instrument unsigned by appellant, when fully performed by both parties, might be considered, but we refrain from that discussion as unnecessary. (*Heffernan* v. *Davis,* 24 Cal. App. 295 [140 Pac. 716]; *Cavanaugh* v. *Casselman,* 88 Cal. 543 [26 Pac. 515]; 6 Cal. Jur., p. 233.)

Appellant next contends that under our procedure he could not file a replication to the respondents' plea of settlement, but was entitled to overcome such plea by any evidence he might produce. A careful examination of the record fails to disclose a single instance wherein the trial court either limited or restricted the introduction of any evidence offered on appellant's part along any such line of defense.

The trial court, however, did not agree with appellant that his evidence justified the conclusion that the settlement was made under circumstances entitling the appellant to rescind without notice, without restoration or offer to restore, nor that the consideration for the settlement was inadequate. In these conclusions of the court we agree. It is unnecessary to prolong this decision by a review of the evidence upon the points.

The question of accord and satisfaction is discussed by both parties. In view of our conclusion that the settlement was complete under the oral agreement, it is unnecessary to consider that question or other points raised by appellant.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.