[Civ. No. 2523.   Fourth Appellate District.—March 23, 1940.]

FRANK F. SESMA et al., Respondents, v. WILLARD D. ELLIS et al., Defendants; DANIEL CHRISTIAN PETERSEN et al., Appellants.

Dailey S. Stafford and A. P. G. Steffes for Appellants.

Dave F. Smith, Donald F. Smith and Russell Smith for Respondents.

BARNARD, P. J.—The respondents, as joint tenants, owned an undivided half interest in a 39-acre orange grove and in certain personal property used in connection therewith. The appellant Irene Petersen owned the other half interest in said property and she and her husband, the other appellant, had resided on the real property for some years. The other defendants held encumbrances on the property or were made parties for other reasons, but their interests are not in dispute or involved here.

On October 30, 1936, the respondents brought this action seeking a partition of this real and personal property. After the service of summons and beginning on November 16, 1936, negotiations looking to a compromise and settlement of the controversy were carried on between certain of the parties and their attorneys, different ones participating in the negotiations at various times. A written option "to buy or sell" was prepared under date of December 30, 1936, which provided that the appellants should have the option during a 60-day period to purchase the interest of the respondents in the property for $6,000 cash, provided releases were secured

releasing the respondents from all liability in connection with three trust deeds on the real property and in connection with current bills or amounts due or to become due on the personal property. The proposed agreement included a provision that if the option was not exercised by the appellants within sixty days the respondents should have a like option for a similar period to purchase the interest of the appellants, and provided for an escrow to facilitate the handling of the transaction.

On March 16, 1937, the appellants filed an answer and cross-complaint. In the latter, it was alleged that on December 30, 1936, the parties entered into a written agreement for the purchase by the appellants of respondents' interest in this property on described terms which are similar to those of the above-mentioned prepared contract. It is then alleged that the appellants deposited in escrow $6,000 in cash and full releases of all of the encumbrances and liabilities referred to in the prepared contract; that on February 18, 1937, the respondents were notified that the appellants had fulfilled all of the terms of the contract; and that the respondents refused to carry out their part of the agreement and convey the property to the appellants. The prayer is for specific performance of the contract of December 30, 1936.

At the trial the prepared contract of December 30, 1936, was marked for identification but was not admitted in evidence. The testimony is that it was signed by the appellants and handed to the respondents early in January, 1937; that Mr. Sesma signed it and later tore off that part of the document containing his signature; that Mrs. Sesma never signed the instrument; and that the same was never returned or delivered to the appellants. While there is evidence that the appellants deposited $6,000 with the escrow agent there is no evidence that all of the releases referred to in the proposed agreement were secured or placed in escrow. On February 18, 1937, the escrow officer phoned to Mr. Sesma telling him that he had releases of liability in connection with two of the trust deeds on the property and asking him where he could locate the beneficiary under the third trust deed. Apparently this incident is the one referred to in the allegation of the cross-complaint that on that day the respondents were notified that the appellants had fulfilled their part of the proposed agreement. We can find no evidence showing that all of the releases called for by the proposed agreement were at any

time secured or placed in escrow, or that the respondents were notified thereof. In fact, it is alleged in the cross-complaint that the appellants have exhausted their funds and credits and will be unable to satisfy the obligations set forth in the proposed contract unless the relief sought for is granted.

Among other things, the court found that no agreement, written or otherwise, was entered into between the parties; that there was no agreement between them for the purchase or sale of any interest in the property in question; that it is not true that the appellants had complied with the terms of the proposed agreement of December 30, 1936; that it is not true that the respondents had been notified at any time that the appellants had complied with the terms of said proposed contract; that it is not true that the releases referred to had been made available to the respondents; and that it is not true that the appellants were entitled to a transfer of the property. It was further found that there was no written agreement and no note or memorandum of an agreement signed by the parties to be charged; that neither respondents' attorneys nor any other person were authorized, actually or ostensibly, to enter into such an agreement on behalf of the respondents; that the contract alleged and relied upon would in any event be invalid under the statute of frauds; that while there had been negotiations between the attorneys for the parties looking to the sale of respondents' interest in the property to the appellants these negotiations never culminated in an agreement; and that one of the conditions and terms agreed upon during the negotiations was that any agreement reached must be reduced to writing. The court denied relief to the appellants under their cross-complaint and entered a decree of partition providing for a sale of the property and division of the proceeds, it having been stipulated that the property could not be equitably divided in kind. From the decree so entered, this appeal was taken.

■ The appellants contend that the court erred in excluding certain evidence consisting mainly of evidence of conversations between the respondents and their attorneys, conversations between the respondent husband and wife, and certain offered evidence of performance of various terms of the alleged agreement. While the cross-complaint alleged a written agreement between the parties under date of December 30, 1936, and while the appellants seem to have mainly re-

lied on that agreement throughout the trial and on this appeal, it seems to be also contended that in any event there was an oral agreement with the terms of which they had fully complied. Under the findings and the evidence, it is unnecessary to consider any claimed errors in the exclusion of evidence since these could not have affected the result.

The court's finding that there was no written agreement between the parties is fully sustained by the evidence.

The contention that there was an oral agreement rests upon the evidence of negotiations between the parties and their attorneys, which were carried on in the hope of reaching an agreement. Most of these conversations took place in November and December of 1936, and most of the acts claimed to have been done in the way of part performance were performed before the contract is alleged to have been made. These conversations are exceedingly indefinite and there is nothing to show that the minds of the parties met on specific things at any particular time, even by way of oral agreement.

The only thing that clearly appears in connection with the negotiations is that the respondents insisted that they would not enter into any agreement unless its terms were reduced to writing. Under such conditions written assent· to its terms was essential to make an effective agreement. (*Las Palmas etc. Distillery* v. *Garrett & Co.*, 167 Cal. 397 [139 Pac. 1077]; *Spinney* v. *Downing*, 108 Cal. 666 [41 Pac. 797]; *Van Hoosen* v. *Briscoe*, 85 Cal. App. 746 [259 Pac. 1115].) Moreover, any oral contract to convey this property would have been unenforceable because of the statute of frauds. (Code Civ. Proc., sec. 1973.) Some contention was made that the attorneys for the respondents were authorized by them to enter into an agreement to sell their interest in the property to the appellants. Not only was the making of such an agreement by the attorneys for the respondents not shown but there was no proof or offer of proof that these attorneys were authorized, in writing, to make such an agreement.

A further consideration is that there was no mutuality of remedy with respect to the claimed contract, in the absence of which a contract may not be specifically enforced. The contract, as contended for, called for the doing of things by third parties which they could not be required to do, and it clearly appears that specific performance on the part of the

appellants could not have been enforced by the respondents had such relief been sought. Under such circumstances, the court was justified in refusing the relief asked for by the appellants.

Our attention is called to nothing which would justify a reversal of the judgment. However, the respondents agree with the appellants' contention that the court erred in awarding attorneys' fees to the respondents in the interlocutory decree, from which this appeal was taken, and consent that the judgment be modified by striking therefrom the portion awarding such fee.

The judgment is modified by striking therefrom the portion thereof which allows attorneys' fees to the respondents and, as so modified, the judgment is affirmed. The respective parties to pay their own costs on appeal.

Marks, J., and Griffin, J., concurred.