[Civ. No. 20037. First Dist., Div. Three. Oct. 18, 1962.]

J. R. FINDLETON, Plaintiff and Appellant, v. E. R. TAYLOR, Defendant and Respondent.

George V. Walker and Henry Gifford Hardy for Plaintiff and Appellant.

Brace & McDonald and Cyril Viadro for Defendant and Respondent.

DRAPER, P. J.—This is an action for specific performance of an oral contract. The trial court held that no contract had been made by the parties, and entered judgment for defendant. Plaintiff appeals.

Plaintiff and defendant are the sole shareholders of a corporation which owns a number of patents and patent applications. Plaintiff has 499 shares and defendant 501. Defendant had an exclusive license agreement covering certain of the patents. Disputes arose between the shareholders. After some negotiation for settlement, the parties and their attorneys met. Plaintiff's attorney said that his client would take one group of patents and in return would surrender his shares. Defendant said "it is a deal." Plaintiff promptly said his first act would be to cancel defendant's license agreement. Defendant said "it is no deal." Plaintiff then offered to "take the other side of the deal." Defendant refused and plaintiff offered not to cancel defendant's license. Defendant refused to make any agreement and the meeting ended. There is contradictory testimony by plaintiff and his counsel, but the trial court resolved the conflict in favor of defendant. Under the often-enunciated rule, which is so often forgotten in the enthusiasm of advocacy, we look to the evidence accepted by the trial court.

 A manifestation of mutual assent to the terms of the agreement and by each promisor to the consideration for his promise, is an essential of a contract (1 Williston on Contracts (3d ed.) 31). Positive intention to create a legal obligation is not necessary (*id.* p. 37), since words which would be understood by a reasonable person as importing a promise may establish a contract despite the subjective intent of the party using them (*id.* p. 42). But when both parties understand that no such promise is intended, as when both know that their words constitute only preliminary negotiation, no contract results (*Van Hoosen* v. *Briscoe,* 85 Cal. App. 746, 749 [259 P. 1115] ; *Dillingham* v. *Dahlgren,* 52 Cal. App. 322, 329 [198 P. 832]).

 Here the evidence supports the inference that both parties understood that they were engaged in mere negotiations, and that defendant's stating "it is a deal" was not believed by plaintiff to be a manifestation of assent to a contract. Plaintiff's prompt presentation of other offers, shown by evidence believed by the trial court, negates any claim by him that he understood defendant's words to manifest assent to the claimed contract.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied October 30, 1962.